Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| **Yan Katsnelson**, Flora Katsnelson y la Soc. Legal de Bienes Gananciales compuesta por ellos<br><br>Peticionario<br><br>vs.<br><br>Jacky Aizenman, Gina Aizenman también conocida como Gina Lazoff Goldlorg y la Soc. Legal de Bienes Gananciales compuesta por ellos<br><br>Recurridos | KLCE202401258 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2021CV00125<br><br>Sobre: Incumplimiento de Contrato; Cumplimiento Específico de Contrato de Compraventa; *Injunction* Permanente y Daños |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Pérez Ocasio y el Juez Cruz Hiraldo.[1]

Rivera Colón, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 22 de noviembre de 2024.

Comparece ante nos, el señor Yan Katsnelson (en adelante, peticionario), quien presenta recurso de *Certiorari* en el que solicita la revocación de la "Resolución" emitida el 19 de agosto de 2024,[2] por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante el referido dictamen, el foro primario declaró No Ha Lugar la "Moción de Sentencia Sumaria" presentada por el peticionario.

Luego de evaluar el recurso presentado por el peticionario, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la parte recurrida y procedemos a resolver.

---

[1] Véase Órdenes Administrativas Núm. OATA-2024-128 y OATA-2024-131.
[2] Notificada en igual fecha.

Número Identificador

RES2024 _____

Véase, Regla 7 (b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b)(5).

Examinada la solicitud ante nuestra consideración, la totalidad del expediente y el estado de derecho aplicable, denegamos el recurso mediante los fundamentos que expondremos a continuación.

**I.**

El 14 de enero de 2021, el peticionario presentó una "Demanda" por incumplimiento de contrato contra el señor Jacky Aizenman, la señora Gina Aizenman y la Sociedad de Bienes Gananciales por ellos compuesta (en conjunto, recurridos). En esencia, alegó que, el 28 de noviembre de 2020, ambas partes otorgaron un contrato de compraventa por medio del cual los recurridos acordaron vender una propiedad por el precio de $4,200,000.00. No obstante, arguyó que, el 29 de diciembre de 2020, los recurridos notificaron su intención de dar por terminado el contrato de compraventa. Lo anterior, debido a que, según la cláusula 1(j) del acuerdo, los recurridos, en calidad de vendedores, tenían la discreción para dar por terminado el contrato cuando el inmueble requiriese $5,000.00 o más en reparaciones. Empero, el peticionario aduce que la cláusula 1(j) del acuerdo es inaplicable al caso, toda vez que él nunca solicitó reparaciones por cantidad alguna. Por entender que los recurridos se han rehusado a vender la propiedad, reclamó el cumplimiento específico del contrato y el resarcimiento de los daños sufridos a raíz del incumplimiento contractual.

Posteriormente, el 3 de febrero de 2023, el peticionario presentó una "Demanda Enmendada" y, en síntesis, reiteró que la cláusula 1(j) del acuerdo es inaplicable al caso. Por ende, enfatizó que los recurridos están imposibilitados de resolver el contrato de compraventa. Afirmó que los recurridos actuaron de mala fe y,

además, adicionó varias causas de acción, incluyendo una solicitud de sentencia declaratoria y la imposición de honorarios de abogado.

Los recurridos presentaron su "Contestación a Demanda Enmendada" el 28 de febrero de 2023, y negaron varias de las alegaciones contenidas en la reclamación. Señalaron que el peticionario, en efecto, hizo un requerimiento de reparaciones que excede la cantidad de $5,000.00. Ante este hecho, sostuvieron que ejercieron legítimamente su derecho de cancelar el contrato según la cláusula 1(j).

Culminado el descubrimiento de prueba, el 22 de septiembre de 2023, el peticionario presentó una "Moción de Sentencia Sumaria". En resumidas cuentas, argumentó que no existen controversias sobre los hechos materiales del caso. En lo que nos atañe, esgrimió que: (1) el informe de inspección enviado por el peticionario no constituía un requerimiento de reparaciones en exceso de $5,000.00; (2) no hay requerimiento de reparaciones por escrito de parte del peticionario; (3) la comunicación remitida por los recurridos el 29 de diciembre de 2020 intentando rescindir el contrato fue ineficaz, ya que esta no se ajusta a los requisitos de notificación acordados por las partes; (4) la cláusula 1(j) del acuerdo no indica cómo se habrían de cuantificar los costos de las reparaciones; y (5) la intención de las partes era que la propiedad se vendiera y/o se adquiriera en las condiciones que se encontraba.

Ese mismo día, entiéndase, el 22 de septiembre de 2023, los recurridos también radicaron una "Moción de Sentencia Sumaria". Reconocieron que la disputa entre las partes se centra en la cláusula 1(j) del contrato. Al respecto, enunciaron lo siguiente: (1) el peticionario contrató a un ingeniero para que preparara un informe, y solicitó las reparaciones recomendadas en dicho

informe; (2) el aludido informe, en unión a las comunicaciones emitidas por las partes durante el periodo de inspección, constituyó una notificación por escrito de que la propiedad necesitaba reparaciones en exceso de $5,000.00; y (3) ante el hecho de que el peticionario notificó por escrito que requería reparaciones a la propiedad, los recurridos ejercieron válidamente su derecho para dar por terminado el contrato.

Ambas partes presentaron sus respectivas oposiciones y reiteraron sus argumentos en cuanto a si aplica o no la cláusula 1(j) del contrato de compraventa.[3] A su vez, el peticionario replicó mediante escrito presentado el 26 de diciembre de 2023.[4]

Evaluados sus escritos, el 19 de agosto de 2024,[5] el Tribunal de Primera Instancia emitió una "Resolución" mediante la cual declaró No Ha Lugar la "Moción de Sentencia Sumaria" presentada por el peticionario. Asimismo, declaró No Ha Lugar la "Moción de Sentencia Sumaria" radicada por los recurridos. El foro primario concluyó que el presente caso no es susceptible de ser resuelto por la vía sumaria, y que resulta necesaria la celebración de una vista evidenciaria donde se pueda evaluar la credibilidad de los testigos. Esto, tras determinar que existe controversia en cuanto a si el peticionario tuvo la intención de realizar un requerimiento de reparaciones que excede los $5,000.00.

Inconforme con el dictamen, el 3 de septiembre de 2024, el peticionario presentó una solicitud de reconsideración en la cual señaló que: (1) los hechos incontrovertidos determinados por el Tribunal establecen que no hubo requerimiento de reparación alguno; (2) los hechos estimados como incontrovertidos son inmateriales; y (3) no existen controversias materiales que impidan que se dicte sentencia sumaria.

---

[3] Véase, apéndice págs. 4758 y 4823.
[4] Véase, apéndice pág. 4864.
[5] Notificada ese mismo día.

El 25 de septiembre de 2024, los recurridos presentaron su oposición a la reconsideración.[6]

Mediante "Resolución Interlocutoria" emitida el 18 de octubre de 2024,[7] el foro *a quo* declaró No Ha Lugar la petición de reconsideración presentada por el peticionario.

Aún insatisfecho, el peticionario recurre ante este foro apelativo intermedio, y señala la comisión de los siguientes errores:

> *Erró el Honorable Tribunal de Primera Instancia al emitir su Resolución del 19 de agosto de 2024 y, por virtud de ésta, negarse a dictar sentencia sumaria a favor de la parte peticionaria.*
>
> *Erró el Honorable Tribunal de Primera Instancia al emitir su Resolución del 19 de agosto de 2024 e incluir ciertos supuestos "hechos" que claramente son inmateriales.*

## II.

El recurso de *Certiorari* es el mecanismo procesal utilizado para revisar aquellas resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone que, como norma general, dicho recurso solo será expedido por este Tribunal de Apelaciones en dos instancias, a saber: (1) cuando se recurra de una resolución u orden bajo las Reglas 56 y 57; o (2) cuando se recurra de la denegatoria de una moción de carácter dispositivo.

No obstante lo anterior, y a modo de excepción, este foro apelativo intermedio podrá revisar órdenes o resoluciones interlocutorias dictadas por el foro primario cuando se recurra de lo siguiente: (1) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia; y (5) en casos que revistan interés público o

---

[6] Véase, apéndice pág. 5080.
[7] Notificada en igual fecha.

en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.*

Nuestro Alto Foro ha expresado que el auto de *Certiorari* es un vehículo procesal extraordinario de carácter discrecional. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Ahora bien, aun cuando la expedición de este recurso recae dentro de la discreción de este Foro, lo cierto es que, al atender el recurso no debemos "hacer abstracción del resto del Derecho". *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019). Así, a los fines de ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, imparte que esta segunda instancia judicial tomará en consideración los siguientes criterios al determinar si procede o no la expedición de un auto de *Certiorari*:

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
>
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
>
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
>
> *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
>
> *(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
>
> *(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
>
> *(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

**III.**

El presente caso trata sobre la denegatoria de una moción de carácter dispositivo, asunto que es revisable bajo la Regla 52.1 de Procedimiento Civil, *supra.* No obstante, concluimos que, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra*, no encontramos criterio alguno que nos mueva a intervenir con la controversia planteada.

Nada en el expediente apelativo demuestra que el foro recurrido haya actuado con prejuicio, parcialidad, error manifiesto o abuso de su discreción, por lo que su dictamen nos merece deferencia. En consecuencia, denegamos la expedición del recurso por entender que no cumple con ninguno de los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra.*

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, denegamos el recurso de *Certiorari* solicitado por el señor Yan Katsnelson.

Debido al resultado que hemos llegado, declaramos No Ha Lugar la "Moción en Auxilio de Jurisdicción" presentada por el peticionario.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones